# In the United States Court of Federal Claims

No. 17-765 C

Filed: August 9, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AUTOMATED COLLECTION SERVICES, INC., <br><br> Plaintiff, <br><br> and <br><br> ALLTRAN EDUCATION, INC. <br><br> Intervenor-Plaintiff. <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> CBE GROUP, INC., ACCOUNT CONTROL TECHNOLOGY, INC., PREMIERE CREDIT OF NORTH AMERICA, LLC, PIONEER CREDIT RECOVERY, INC., and CONTINENTAL SERVICE GROUP, INC. <br><br> Intervenor-Defendants. | Rule of the United States Court of Federal Claims (RCFC) 52.1(c) (Motions For Judgment On The Administrative Record) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**John Ryan Prairie**, Wiley Rein, LLP, Washington, D.C., Counsel for the Plaintiff.

**Daniel R. Forman**, Crowell & Moring LLP, Washington, D.C., Counsel for Alltran Education, Inc., Intervenor-Plaintiff.

**David Richard Pehlke**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**Jeffery Mitchell Chiow**, Rogers Joseph O'Donnell, PC, Washington, D.C., Counsel for CBE Group, Inc., Intervenor-Defendant.

**Jonathan S. Aronie**, Sheppard Mullin Richter & Hampton LLP, Washington, D.C., Counsel for Account Control Technology, Inc., Intervenor-Defendant.

**Craig Alan Holman**, Arnold & Porter Kaye Scholer LLP, Washington, D.C., Counsel for Premiere Credit of North America, LLC, Intervenor-Defendant.

**Jonathan D. Shaffer**, Smith Pachter McWhorter PLC, Tysons Corner, VA, Counsel for Pioneer Credit Recovery, Inc., Intervenor-Defendant.

**Todd John Canni**, Pillsbury Winthrop Shaw Pittman, LLP, Los Angeles, CA, Counsel for Continental Service Group, Inc., Intervenor-Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S JULY 13, 2017 CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD** [*]

**BRADEN**, *Judge*.

On December 11, 2015, the United States Department of Education ("ED") issued Solicitation No. ED-FSA-16-R-0009 (the "Solicitation") to request proposals for the award of multiple Indefinite-Delivery, Indefinite-Quantity ("IDIQ") contracts to collect defaulted student loans. AR Tab 1, at 1. Under the terms of the Solicitation, as amended, offerors were to be evaluated under three factors: "Past Performance" (Factor 1); "Management Approach" (Factor 2); and "Small Business Participation Plan," (Factor 3). AR Tab 3, at 150. Forty-seven offerors, including Automated Collection Services, Inc. ("ACSI"), submitted timely proposals. AR Tab 22, at 940–41.

On December 9, 2016, ED awarded IDIQ contracts to the seven responsible offerors determined to offer terms that were "most advantageous" to the Government. AR Tab 18, at 570–83. ACSI was not selected for award. Subsequently, twenty-two unsuccessful offerors, including ACSI, filed protests with the General Accountability Office ("GAO"). AR Tab 22.

On March 27, 2017, the GAO issued an opinion sustaining the protests in part, because ED's evaluation of bids, under the "Past Performance" and "Management Approach" factors, *i.e.*,

---

[*] The relevant facts are derived from: the Government Accountability Office ("GAO") March 27, 2017 Decision, *see Gen. Revenue Corp. et al.*, B-414220.2 et al., 2017 CPD ¶ 106 (Comp. Gen. Mar. 27, 2017); the June 9, 2017 Complaint ("Compl."); the June 23, 2017 Administrative Record ("AR Tabs 1–28, at 1–1045"); and the Government's August 4, 2017 Status Report ("8/4/2017 Status Rep.") in the following related cases: *Continental Services Group, Inc. v. United States*, No. 17-449; *Account Control Technology, Inc. v. United States*, No. 17-493; *Alltran Education, Inc. v. United States*, No. 17-517; *Progressive Financial Services, Inc. v. United States*, 17-558; *Collection Technology, Inc. v. United States*, No. 17-578; and *Van Ru Credit Corporation v. United States*, No. 17-633.

2

Factors 1 and 2, was determined to be unreasonable. AR Tab 22, at 937; *see also Gen. Revenue Corp. et al.*, B-414220.2 et al., 2017 CPD ¶ 106 (Comp. Gen. Mar. 27, 2017).

On March 28, 2017, and subsequently, a number of disappointed offerors filed bid protest complaints in the United States Court of Federal Claims. *See Continental Services Group, Inc. v. United States*, No. 17-449; *Account Control Technology, Inc. v. United States*, No. 17-493; *Alltran Education, Inc. v. United States*, No. 17-517; *Progressive Financial Services, Inc. v. United States*, 17-558; *Collection Technology, Inc. v. United States*, No. 17-578; and *Van Ru Credit Corporation v. United States*, No. 17-633.

On May 19, 2017, ED announced that it would take corrective action by revising certain aspects of the Solicitation regarding Factors 1 and 2. AR Tab 24, at 990. All prior offerors, however, were informed that no changes would be allowed regarding commitments to subcontracting a certain percentage of work to small business subcontractors. AR Tab 24, at 990.

On May 25, 2017, ED announced a decision to re-open the competition in all respects, by allowing all offerors to submit revised small business participation plans. AR Tab 28, at 1044–45. Therefore, ED would reevaluate proposals based not only on Factors 1 and 2, but on Factor 3 as well. AR Tab 28, at 1045.

On June 9, 2017, ACSI filed a bid protest complaint in the United States Court of Federal Claims to challenge ED's decision to take corrective action. Compl. ¶ 57. Therein, ACSI requested that the court enter a declaratory judgment that ED's proposed corrective action was arbitrary, capricious, and an abuse of discretion, and otherwise contrary to federal law. Compl. ¶ 57. In addition, ACSI requested that the court enjoin ED from "considering revised small business participation plans in connection with the corrective action and a new award decision." Compl. ¶ 58.

On June 23, 2017, the Government filed the Administrative Record.

On July 3, 2017, ACSI filed a Motion For Judgment On The Administrative Record ("Pl. Mot.").

On July 13, 2017, the Government filed a Memorandum In Support Of Its Motion To Dismiss [ACSI's June 9, 2017] Complaint, Its Cross-Motion For Judgment On The Administrative Record, And In Response To Plaintiff's Motion For Judgment On The Administrative Record ("Gov't Mot"), arguing that ACSI does not have standing to challenge ED's proposed corrective action to allow all potential offerors to provide updates regarding small business participation. Gov't Mot. at 14. In the alternative, the Government argues that ACSI's July 3, 2017 Motion For Judgment On The Administrative Record should be denied and the requested elements of injunctive action have not been established. Gov't Mot. at 30.

On July 13, 2017, Intervenor-Defendants Account Control Technology, Inc., Continental Service Group, Inc., and Pioneer Credit Recovery, Inc. (collectively "the Intervenor-Defendants") filed separate Responses and/or Cross Motions For Judgment On The Administrative Record. (ECF Nos. 49, 52, 53).

On July 20, 2017, ACSI filed a Response to the Government's July 13, 2017 Cross-Motion For Judgment On The Administrative Record. ECF No. 50. On July 27, 2017, the Government and Intervenor-Defendants filed Replies (ECF Nos. 56, 57, 58, and 59).

On August 2, 2017, the Government was ordered to file a Status Report in the contemporaneous pending bid protests, to advise the court of the status of ED's pending corrective action. *See Continental Services*, No. 17-449 (Aug. 2, 2017), ECF No. 182. On August 4, 2017, the Government filed a Status Report, together with the August 4, 2017 Declaration of Patrick A. Bradfield, ED's Director of Federal Student Aid ("FSA") Acquisitions and Head of Contracting Activity ("8/4/17 Bradfield Decl."), and the August 4, 2017 Declaration of FSA's Chief Business Operations Officer, William Leith ("8/4/17 Leith Decl."). (ECF 183). [1] Therein, the court was informed that ED is conducting corrective action by reevaluating the proposals under Factor 1, Past Performance, Factor 2, Management Approach, and Factor 3, Small Business Participation Plan. 8/4/2017 Status Rep. at 2–3. After completing the reevaluation, ED will conduct a new source selection determination and announce any new award or awards, or termination of previously-awarded contracts. 8/4/2017 Status Rep. at 2. ED's planned completion date of the corrective action is August 25, 2017. 8/4/2017 Status Rep. at 2–3.

Contracting officials "are entitled to exercise discretion upon a broad range of issues confronting them in the procurement process." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001). Thus, as a matter of law, if a contracting official's decision reflects "rational reasoning and consideration of relevant factors," the court is required to defer to that decision, even if it is one the court would have determined differently. *See Savantage Fin. Servs. Inc. v United States*, 595 F.3d 1282, 1286 (Fed Cir. 2010) ("[W]e must sustain an agency action unless the action does not evince rational reasoning and consideration of relevant factors"); *see also Honeywell, Inc. v. United States*, 870 F.2d 644, 648 (Fed. Cir. 1989) ("If the court finds a reasonable basis for the agency's [procurement decision], the court should stay its hand even though it might, as an original proposition, have reached a different conclusion [.]"). With respect to corrective action in particular, contracting officials have "broad discretion" to take steps necessary to "ensure fair and impartial competition." *ManTech Telecomm. & Info. Sys. Corp v. United States*, 49 Fed. Cl. 57, 65 (2011). For this reason, the United States Court of Federal Claims upholds corrective action that is "reasonable under the circumstances." *Macaulay-Brown, Inc. v. United States*, 125 Fed. Cl. 591, 602 (2016).

In the court's judgment, ED should be entitled to take corrective action to address both the deficiencies identified by the March 27, 2017 GAO decision and new information brought to the attention of ED. Although ED appears to be midway in reevaluating the proposals, it should take whatever time it deems necessary to make a reasoned decision to comply with statutory obligations and to serve the public interest.

---

[1] The court is grateful to the Department of Education for explaining the difference between contracts for the management of student loans that are not in default and the contracts that may be awarded, pursuant to Solicitation No. ED-FSA-16-R-0009.

4

The court has decided to deny Plaintiff's July 3, 2017 Motion For Judgment On The Administrative Record. The Government's July 13, 2017 Cross-Motion For Judgment On The Administrative Record is granted. All other pending motions are dismissed as moot. The Clerk of the United States Court of Federal Claims is directed to enter judgment.

**IT IS SO ORDERED.**

s/ Susan G. Braden  
**SUSAN G. BRADEN**  
**Chief Judge**